IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLIE KEEBLER,

             Plaintiff,                                     Civ. No. 6:15-cv-02202-MC

       v.                                       OPINION AND ORDER

CAROLYN W. COLVIN,
Commissioner of the Social Security
Administration,

             Defendant.

_____

MCSHANE, Judge:

Plaintiff Kellie Keebler brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI). The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). After the ALJ's decision, Keebler submitted new evidence, a medical questionnaire completed by his treating physician, Stephen K. Knapp, M.D., included in plaintiff's request for Appeals Council to review the ALJ's decision. For the reasons stated below, the Commissioner's decision is reversed and remanded for further proceedings for the ALJ to weigh the new evidence in light of the original evidence.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on July 20, 2012, alleging disability beginning January 1, 2011. Tr. 19. The claim was denied initially on October 9, 2012 and upon reconsideration on March 1, 2013. *Id.* A hearing was held on May 30, 2014 and on June 19, 2014 the ALJ issued a decision finding plaintiff was not disabled. Tr. 19-29. In early August 2014, Plaintiff requested a review of the ALJ's decision by the Appeals Council. Tr. 14. Following the request, in late August 2014 Stephen L. Knapp, M.D. completed a medical questionnaire from Plaintiff's counsel. Tr. 435-441. In September 2014 Dr. Knapp submitted a second opinion questionnaire from Plaintiff's counsel which was submitted to the Appeals Council in October 2014. Tr. 181-82. The Appeals Council subsequently denied the request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence on the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193; *Aukland v. Massanari,* 257 F.3d 1033, 1034-35 (9th Cir. 2000) (when evidence can rationally be interpreted in more than one way, the court must uphold the Commissioner's decision). A reviewing court, however, "cannot affirm the Commissioner's decision on a ground that the Administration did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). A court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

The Social Security Administration uses a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity, age, education, and work experience. *Id.*

Here, the ALJ found at step one of the sequential analysis that Plaintiff had not engaged in substantial gainful activity (SGA) since the alleged onset date. Tr. 21. At step two, the ALJ found Plaintiff suffered from the following severe impairments: degenerative disc disease of the thoracolumbar spine; fibromyalgia; and diabetes mellitus. *Id.* The ALJ further found depression to be a non-severe impairment. Tr. 22-23. At step three, the ALJ found that none of Plaintiff's

impairments, alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Between steps three and four, the ALJ determined Plaintiff had the residual functional capacity to perform medium work, except she was limited to no more than occasional stooping and climbing, and no more than frequent kneeling, crouching, and crawling. Tr. 23-24. At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a network analyst. Tr. 26. The ALJ then continued on to make alternative step five findings, determining that there were other jobs that Plaintiff was capable of performing that existed in significant numbers in the national economy, specifically identifying the representative occupations of hand packager, dining room attendant, and cashier II. Tr. 27-28.

Plaintiff contends that the ALJ's decision to deny Plaintiff's claim for disability is not supported by substantial evidence because new evidence submitted to the Appeals Council changes the weight of the evidence. Pl.'s Br. 4-7. The new evidence is a functional questionnaire completed by Plaintiff's treating physician of 30 years, Dr. Stephen Knapp. *Id.*; Tr. 435-41. Dr. Knapp endorsed the diagnoses of fibromyalgia, chronic back and knee pain, diabetes, depression, and anxiety. Tr. 435. He opined plaintiff's symptoms of pain and fatigue constantly interfered with her ability to sustain attention and concentration, and that depression and anxiety frequently interfered. Tr. 436. He further opined that over an 8 hour workday, 5 days per week, plaintiff would be unable to lift any weight on an occasional or frequent basis, could stand 20 minutes at a time for a total of one hour in a work day, and could sit for two hours at a time for a total of three hours in a workday. *Id.* Among other findings, Dr. Knapp stated that plaintiff's fingers got numb and she experienced arm and shoulder pain. *Id.* Pain and fatigue caused a significant impact on Plaintiff's ability to concentrate and maintain social functioning and daily activities. Tr. 437-38.

In light of her pain and mood symptoms he expected she would miss more than two days per month from even a simple, routine, sedentary job. Tr. 438.

Defendant responds that the ALJ's decision is supported by substantial evidence notwithstanding the new evidence submitted to the Appeals Council. Def.'s Br. 4. Defendant submits that Dr. Knapp's opinion is undermined by the plaintiff's daily activities. She reports an ability to participate in college class, study groups, and other projects. She is able to pay attention for "many hours." Tr. 150. In addition, plaintiff does household chores, prepares meals, shops, drives, yard work and arts and crafts. Tr. 146-49. She does report though that she cannot stand for more than 15 or 20 minutes or walk for more than 15 minutes. Tr. 150. She has to take frequent breaks when doing physical work such as cleaning, yard work, or shopping. Tr. 148. Plaintiff has not alleged any mental limitations such as problems remembering, completing tasks, concentrating, understanding, following instruction, or getting along with others. Tr. 150. Her stated effected conditions are lifting, standing, walking, stair climbing and using hands. Tr. 150.

Defendant argues that while Plaintiff alleges she became disabled in January 2011 as of late 2010, she was able to work 25 hours per week and go to school while taking oxycodone. Tr. 127, 349-52. Further, Plaintiff experienced a gap in treatment between at least August 2011 and the fall of 2012. Tr. 198, 433. The treatment notes from this period do not pertain to her alleged disabling impairments. The ALJ assigned the opinions of Linda L. Jenson, M.D. and Neal E. Berner, M.D. great weight, because the opinions were consistent with plaintiff's responses to treatment and ability to attend school during the relevant period. Tr. 26. Defendant argues that the inconsistency with the evidence in the record is a valid basis to discount the medical opinion of Dr. Knapp's. 20 C.F.R. § 404.1527(c)(4). Defendant further argues the ALJ only needs to provide specific and legitimate reasons for discounting a treating physician's opinion. *See Lester*

*v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006). "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here the ALJ discounted Dr. Knapp's initial opinion because they found it to be conclusory. Tr. 26. Although Dr. Knapp was a long-time treating source, the ALJ gave his opinion little weight because "he did not provide specific limitations that could be the basis of a residual functional capacity." Tr. 26. Plaintiff counters that that rationale no longer applies, because the record now contains a detailed functional assessment of Plaintiff's abilities from a long-term treating source.

I find the ALJ here issued a well-reasoned decision based on the evidence before him at the time. However, I also find the ALJ must weigh the new evidence in light of the original evidence. Because it is not clear that the ALJ would have to find plaintiff disabled even with the new medical opinion, this matter is remanded to the ALJ for further proceedings.

## CONCLUSION

The Commissioner's decision is reversed and remanded. On remand, the ALJ shall conduct further proceedings on an open record.

IT IS SO ORDERED.

DATED this 13th day of February, 2017.


_____/s/Michael J. McShane_____
Michael J. McShane
United States District Judge